**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **DOREEN MULLADY,** *et al.*, <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **RUSSELL VOUGHT, in his official capacity as Director of the United States Office of Management and Budget,** *et al.*, <br><br> **Defendants.** | **Civil No. 8:26-cv-00573-SAG** |

**PLAINTIFFS' SUPPLEMENT TO THE RECORD
SUPPORTING THEIR MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to the Court's consent for Plaintiffs to supplement the record during its July 20, 2026, hearing on Plaintiffs' Motion for a Preliminary Injunction, Plaintiffs hereby submit the declaration of A. Gregory Pinto with exhibits. This evidence is offered as additional support of the proposition that MSPB proceedings do not provide meaningful post-deprivation process and in support of Plaintiffs' claim under the Administrative Procedure Act ("APA").

During the July 20, 2026, hearing, Plaintiffs also proffered that the *New York Times* had reported that Henry Kerner met with White House officials regarding the Article II decision in *Jackler* before ruling in favor of the Administration in that case.[1] Since the hearing, the Federal News Network has reported, and the MSPB confirmed, that following the Supreme Court

---

[1] Michael S. Schmidt, *White House Secretly Swayed Board Meant to Protect Federal Workers From Unfair Firings*, N.Y. Times (June 28, 2026), https://www.nytimes.com/2026/06/28/us/politics/trump-firings-workers-merit-systems-protection-board.html, *archived at* https://perma.cc/9ZUQ-AWH6.

decision in *Trump v. Slaughter*, the MSPB has removed the word independent from descriptions about it on its website.[2]

Plaintiffs also proffered facts related to the MSPB hearing in the ATF ODEIA Plaintiffs' MSPB appeals. Plaintiffs proffered these facts not to ask the Court to reconsider the Administrative Judge's Initial Decision, but to support its claims in this case. To that end, Plaintiffs provide their discovery requests served on the MSPB related to its capture by the Administration and lack of independence, Pinto Decl., Tab 1, as well as the letter from the MSPB denying Plaintiffs' discovery request on the grounds that the MSPB was not a party and any discovery directed to it was subject to the *Touhy* regulations. Pinto Decl., Tab 2. Plaintiffs also provide a copy of the ATF ODEIA Plaintiffs' discovery served on OPM, which did not respond. Pinto Decl., Tab 3.

The ATF ODEIA Plaintiffs also elicited testimony during the MSPB hearing confirming that OPM, rather than the employing agency, established the competitive area, contrary to governing RIF statute and regulations. Pinto Decl., Tab 4. As that testimony indicates, the Agency wanted to retain the ODEIA Plaintiffs and other DEI employees but could not because OPM established the competitive area. *Id.* (relevant portions highlighted). The MSPB Administrative Judge did not address this evidence in her initial decision and, instead, stated the Agency made the decision. Pinto Decl., Tab 5 at 7. The Initial Decision also supports Plaintiffs' proffer that the Administrative Judge did not address or even mention the ODEIA Plaintiffs'

---

[2] Drew Friedman, *After* Slaughter *Decision, MSPB No Longer Calling Itself "Independent,"* Fed. News Network (July 21, 2026, 5:10 PM), https://federalnewsnetwork.com/management/2026/07/after-slaughter-decision-mspb-no-longer-calling-itself-independent/, *archived at* https://perma.cc/3GNT-PBN5.

claims that requiring them to proceed before the MSPB itself violated due process. Pinto Decl., Tab 5.

Finally, Plaintiffs have obtained declarations from individuals directly involved in some agency RIFs. Plaintiffs provide one of them in support of their APA claims. Specifically, Plaintiffs submit a declaration from Sepideh Keyvanshad who served as the Acting Chief Human Capital Officer at the United States Agency for International Development (USAID) during the 2025 RIF. Pinto Decl., Tab 6. Plaintiffs draw the Court's attention to paragraphs 10 and 28. In paragraph 10, Ms. Keyvanshad states that USAID's General Counsel told her that, under an OPM decision, the agency's Automated Directives System and other laws and policies governing RIFs were considered "null and void." In paragraph 28, Ms. Keyvanshad declares that the Administration rejected creating a proper retention register because that would have prevented them from selecting who would be kept.

Dated: July 24, 2026                                Respectfully submitted,

                                                    /s/ Gregory Pinto
                                                    A. Gregory Pinto (*pro hac vice*)
                                                    Pamela J. Hicks (*pro hac vice*)
                                                    DC Law Collective, PLLC
                                                    1629 K St., NW, Suite 300
                                                    Washington, DC 20006
                                                    Tel: (202) 599-8459
                                                    Fax: (202) 318-0271
                                                    gregpinto@dclawcollective.com

                                                    /s/ Jocelyn E. Skinner
                                                    Jocelyn (Josie) E. Skinner
                                                    (MDD Bar # 32388)
                                                    SLIGO LAW GROUP, PLLC
                                                    1717 K St. NW, Suite 900
                                                    Washington, DC 20006
                                                    Tel: (202) 888-2084
                                                    josie@sligolawgroup.com

/s/ Amy E. Powell
Amy E. Powell (*pro hac vice*)
Lawyers for Good Government
1319 F St. NW, Suite 301, PMB 181
Washington, DC 20004
Tel: (646) 246-4633
amy@lawyersforgoodgovernment.org

*Counsel for Plaintiffs*