**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **DOREEN MULLADY,** *et al.* | * | |
| | * | |
| **Moving Plaintiffs,** | * | |
| | * | **Civil Case No.: SAG-26-00573** |
| v. | * | |
| | * | |
| **OFFICE OF MANAGEMENT AND** | * | |
| **BUDGET,** *et al.* | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Following their terminations from federal service, several dozen former federal employees brought claims against their former employing agencies, as well as the Office of Management and Budget, the Office of Personnel Management, the Merit Systems Protection Board ("MSPB"), and the heads of all of these agencies in their official capacities (collectively, "Defendants"). Some, but not all, of the plaintiffs in this lawsuit ("Moving Plaintiffs") have filed a motion for preliminary injunction, seeking reinstatement during the pendency of the litigation. ECF 16. Defendants opposed the motion, ECF 23, and Moving Plaintiffs filed a reply, ECF 25. On July 20, 2026, this Court held a hearing on the motion. ECF 32. Moving Plaintiffs also filed supplemental materials following the hearing. ECF 34. For the reasons explained below, Moving Plaintiffs' motion for preliminary injunction will be denied.

**I.    BACKGROUND**

Moving Plaintiffs previously served as career federal employees. ECF 1 ¶ 9. At various points in 2025, however, Moving Plaintiffs were terminated pursuant to actions by their respective

agencies that were characterized as reductions in force ("RIFs"). *Id.* ¶ 43. According to Moving Plaintiffs, none of these terminations constituted proper RIFs. *Id.* ¶¶ 42–43.

Moving Plaintiffs individually appealed their respective terminations to the MSPB. *Id.* ¶ 43. Around the same time as the RIFs, President Trump removed the Chair of the MSPB and issued an executive order purporting to prohibit executive branch employees, such as MSPB employees, from advancing any legal interpretation that differs from that of the President or Attorney General. *Id.* ¶ 98; *see also* Ensuring Accountability for All Agencies, Exec. Ord. 14215 (Feb. 18, 2025). For these reasons, Moving Plaintiffs assert that the MSPB cannot act independently. ECF 1 ¶ 131. Most of Moving Plaintiffs' cases before the MSPB have not progressed in any way since they were filed. *Id.* ¶ 104.

Moving Plaintiffs eventually brought this lawsuit, alleging violations of their rights stemming from both the underlying RIFs and the requirement to appeal their terminations to the MSPB. *See generally id.* This motion concerns only two of Moving Plaintiffs' claims, one alleging violation of the Due Process Clause and one alleging unlawful agency action pursuant to the Administrative Procedure Act. *See* ECF 16-2 at 8 n.3.

## II.    LEGAL STANDARD

A preliminary injunction is warranted when the movant demonstrates four elements: (1) that the movant is likely to succeed on the merits, (2) that the movant will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities favors preliminary relief, and (4) that injunctive relief is in the public interest. *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). The movant must establish all four elements to prevail. *Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013).

A preliminary injunction affords "an extraordinary and drastic remedy" prior to trial. *See Munaf v. Green*, 553 U.S. 674, 689–90 (2008); *see also MicroStrategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (stating that preliminary injunctive relief is an "extraordinary remed[y] involving the exercise of very far-reaching power [that is] to be granted only sparingly and in limited circumstances") (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991)). Because preliminary injunctions are intended to preserve the status quo during the pendency of litigation, injunctions that "alter rather than preserve the status quo" are particularly disfavored. *Mountain Valley Pipeline, LLC v. 6.56 Acres of Land*, 915 F.3d 197, 216 n.8 (4th Cir. 2019). Courts should grant such "mandatory" preliminary injunctions only when "the applicant's right to relief [is] indisputably clear." *Id.* (quoting *Communist Party of Ind. v. Whitcomb*, 409 U.S. 1235, 1235 (1972)).

## III.  DISCUSSION

This Court need address only the first preliminary injunction element. Because Moving Plaintiffs request reinstatement, relief that alters the status quo, they seek a mandatory injunction and must show not merely that they are likely to succeed on the merits, but rather that their right to relief is indisputably clear. At this stage, they have failed to make such a showing.

As a threshold matter, Moving Plaintiffs must establish that this Court can review the claims at issue. Congress may preclude initial judicial review of final agency action by allocating initial review to an administrative body. *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207 (1994). Congress's intent to do so must be "fairly discernible in the statutory scheme." *Id.* If Congress's intent is so discernible, then the court must determine whether the particular claim brought is of the type that Congress intended to be initially reviewed exclusively by the administrative body. *Id.* Three factors guide this determination. *Axon Enterprise, Inc. v. Federal*

*Trade Commission*, 598 U.S. 175, 186 (2023). First, whether precluding district court jurisdiction would foreclose all meaningful judicial review. *Id.* Second, whether the claim at issue is collateral to the statutory review provisions. *Id.* And third, whether the claim is outside of the administrative body's expertise. *Id.* If the answer under each of those three factors is "yes," then the court presumes that Congress did not intend to preclude district court jurisdiction, but the court may also reach that conclusion if the factors point in different directions. *Id.*

The Supreme Court's decision in *Elgin v. Department of Treasury*, 567 U.S. 1 (2012), answers the first question in this analysis, whether the Civil Service Reform Act ("CSRA") evinces an intent to preclude initial judicial review. There, the Court concluded that the CSRA's grant of administrative and judicial review over certain actions evinced Congress's intent that that review process be exclusive and therefore preclusive of district court jurisdiction. *Id.* at 11–12.

The CSRA grants administrative and judicial review of the actions, the RIFs, at issue here. Specifically, 5 U.S.C. § 7701(a) provides, in pertinent part, "An employee, or applicant for employment, may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation." A regulation, in turn, provides for MSPB review of RIFs. *See* 5 C.F.R. § 351.901 ("An employee who has been furloughed for more than 30 days, separated, or demoted by a reduction in force action may appeal to the Merit Systems Protection Board."). Thus, the statutory scheme evinces an intent to preclude initial judicial review.

Moving Plaintiffs counter that *Elgin* does not answer this first question because the statutory scheme presumes an independent MSPB. According to Moving Plaintiffs, the MSPB is not functioning as an independent body, and under such a circumstance, Congress would not have intended to preclude initial judicial review. The Fourth Circuit recently considered this issue in *National Association of Immigration Judges v. Owen*, 139 F.4th 293 (4th Cir. 2025). There, the

4

court noted that Congress may not have intended to channel appeals to the MSPB under the then-existing context at that agency, involving the President's removal of the Special Counsel and two members of the MSPB, causing a lack of quorum. *Id.* at 305, 307–08. The court therefore remanded the case to the district court to reexamine the new factual context. *Id.* at 308.

The Supreme Court reversed this decision, however, based on the party presentation principle because no party had raised this issue. *Margolin v. Nat'l Ass'n of Immigr. Judges*, 146 S. Ct. 1285, 1286–87 (2026). Justice Thomas, joined by Justice Barrett, addressed the merits in a concurrence. *See id.* at 1289 (Thomas, J., concurring). The concurrence noted that although conditions may have changed, the statute had not, and only Congress could change the statute if it believed that the statute no longer vindicated Congress's purposes. *Id.* at 1289–90.

Although this Court is not bound by this concurrence, it finds the concurrence's reasoning persuasive. The CSRA evinces Congressional intent to channel initial review to the MSPB, and it does not contemplate exceptions to that channeling under certain circumstances. This Court declines to engraft such an exception onto the statute. Having concluded that the CSRA evinces an intent to channel certain claims to the MSPB, this Court must next consider whether Moving Plaintiffs' claims are of the type that Congress intended to so channel.

As to the first factor of that analysis, whether precluding district court jurisdiction would foreclose all meaningful judicial review, appellate judicial review is ordinarily sufficient to provide meaningful judicial review. *Axon*, 598 U.S. at 190. Such review may be insufficient, however, when the plaintiff alleges injury from the administrative proceeding itself. *See id.* at 191 (concluding that appellate review could not remedy the injury alleged, appearing before an allegedly unconstitutionally insulated administrative law judge ("ALJ")).

As to the second factor, whether the claim at issue is collateral to the statutory review provisions, the court should consider whether the claim is of a type regularly adjudicated by the administrative body and the relief sought is of a type regularly awarded by that body. For example, in *Elgin*, the court concluded that the constitutional claims at issue were not collateral because they challenged removal decisions, a type of personnel action regularly adjudicated before the MSPB, and sought reinstatement and back pay, types of relief ordinarily awarded by the MSPB. 567 U.S. at 22. In contrast, in *Axon*, the Court concluded that because the constitutional challenge to the ALJs had nothing to do with the merits of the underlying actions before the ALJs or other matters that the ALJs would ordinarily adjudicate, it was collateral. 598 U.S. at 192–93.

As to the third factor, whether the claim is outside of the administrative body's expertise, personnel matters fall within the MSPB's expertise, *see Elgin*, 567 U.S. at 23, whereas most constitutional questions, such as regarding the separation of powers, do not, *see Axon*, 598 U.S. at 194–95.

Turning to Moving Plaintiffs' claims, the analysis under these factors is not straightforward. Some of Moving Plaintiffs' allegations concern the underlying RIFs, some concern the current circumstances affecting the MSPB, and some appear to implicate both. The factors lean more heavily in Moving Plaintiffs' favor with respect to some of these allegations, particularly those focused on the constitutional issues regarding agency independence, but they lean more heavily in Defendants' favor with respect to other allegations, particularly those focused on issues traditionally presented to the MSPB. And at this early stage of the case, it is difficult to wholly disentangle the different allegations. For this reason, this Court cannot say that Moving Plaintiffs have satisfied their significant burden of showing, for a mandatory injunction, that their "right to relief [is] indisputably clear." *Mountain Valley Pipeline*, 915 F.3d at 216 n.8 (quoting

6

*Whitcomb*, 409 U.S. at 1235). Accordingly, it must deny the motion for preliminary injunction and will address these jurisdictional issues more comprehensively in adjudicating a motion to dismiss.

## IV.  CONCLUSION

For the reasons stated above, Moving Plaintiffs' motion for preliminary injunction, ECF 16, is denied. A separate Order follows.

Dated: July 27, 2026

_____/s/_____
Stephanie A. Gallagher
United States District Judge